**James Earl ROBINSON, Plaintiff,**

**v.**

**CITY OF MOUNT VERNON; the Police Department of the City of Mount Vernon; Police Officer Mastrogiorgio, #123, Defendants.**

**No. 86 CIV 1922 (LBS).**

United States District Court, S.D. New York.

Feb. 27, 1987.

James Earl Robinson, appearing pro se.

David Avstreih, Corporation Counsel of the City of Mount Vernon, Mount Vernon, N.Y., for defendants.

SAND, District Judge.

James Earl Robinson, a *pro se* plaintiff, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Mount Vernon, the Police Department of the City of Mount Vernon, and Police Officer Mastrogiorgio, # 123. Robinson has moved for the appointment of counsel. Defendants have moved to dismiss the complaint and/or for summary judgment. We treat the defendants' application as a motion to dismiss rather than one for summary judgment, because plaintiff has not submitted affidavits and we are not confident that he has received adequate notice of the present motions.

### Background

Robinson, who is now incarcerated, alleges that for an undefined period subsequent to his arrest on the afternoon of December 21, 1985, he was forced by Officer Mastrogiorgio to walk barefoot in the snow from a local lock-up to a police van and then to proceed without shoes while he was transported in the van for some distance to the Westchester County Jail in Valhalla, New York. Robinson alleges that he was "not given any footwear to replace my boots" at any time by the police and that one McGee, who was arrested with Robinson, "witnessed me transported to Valhalla from Mt. Vernon barefooted in the snow." *See* Plaintiff's Exhibit A at 4. It should be noted that Travis Scott, another prisoner in the van, states that although Robinson was without shoes, he did have socks. *See* Statement of Travis Scott (July 21, 1986). In an attachment to his complaint, Robinson claims that after his arrival at jail, a sympathetic corrections officer furnished him with foam slippers.

The complaint alleges that Officer Mastrogiorgio's conduct subsequent to the arrest violated Robinson's constitutional rights, but it does not elaborate. In a subsequent Notice of Motion to Request Counsel, plaintiff reiterates the facts underlying his claims and asserts that "these conditions amounted to cruel and unusual punishment, a violation of my federal and civil rights ... because the constitution prohibits cruel and unusual punishment: eighth amendment." *See* Plaintiff's Notice of Motion to Request Counsel at 2.

### Discussion

It is settled that in the *pro se* § 1983 context, a complaint should not be dismissed for failure to state a claim unless the plaintiff "can prove no set of facts that would entitle him to relief on the merits." *Davis v. Bryan,* 810 F.2d 42, 45 (2d Cir. 1987).

To determine whether plaintiff has sufficiently stated a claim, we begin with the elements of a § 1983 cause of action. A § 1983 plaintiff must establish (1) that the conduct he complains of was committed by a person acting under color of state law, and (2) that this conduct deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–1913, 68 L.Ed.2d 420 (1981).

It appears that if in fact plaintiff Robinson sustained an actionable injury, the injury was inflicted under color of state law. Defendants do not dispute this. The alleged police misconduct took place in connection with Robinson's arrest and subsequent custodial transport to Valhalla.

■ The more difficult question, to which we now turn, is whether plaintiff has alleged facts which, if proved, would constitute an actionable deprivation of a constitutional right. As we indicated, Robinson contends that his Eighth Amendment rights were violated by Officer Mastrogiorgio's conduct on the afternoon of the arrest. This claim cannot stand. Eighth Amendment concerns are implicated only after there has been an adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 1412–1413 n. 40, 51 L.Ed.2d 711 (1977). The protections do not apply where, as here, the plaintiff claims that he sustained an injury by reason of post-arrest but pre-conviction governmental abuse.

■ Because *pro se* pleadings, unlike formal pleadings drafted by lawyers, should be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), it is necessary to evaluate Robinson's complaint to determine whether he has alleged facts which could sustain a claim that some other constitutional violation has occurred. In essence, what Robinson complains of is custodial mistreatment by a police officer. Conceptualized from a constitutional perspective, the complaint, though framed in Eighth Amendment terms, alleges a violation of the right under the Fourteenth Amendment to be free from deprivations of liberty without due process of law. In this regard, the complaint is akin to that presented in *Ingraham v. Wright*, 430 U.S. 651, 671–673, 97 S.Ct. 1401, 1412–1413, 51 L.Ed.2d 711 (1977). In *Ingraham*, public school students who had been subjected to corporal punishment alleged that they had suffered cruel and unusual punishment and deprivations of liberty without due process of law. The Supreme Court rejected as inapplicable the Eighth Amendment claim but agreed that personal security against physical harm is an aspect of constitutional liberty protected by the Fourteenth Amendment. *See Ingraham*, 430 U.S. at 674, 97 S.Ct. at 1414. Similarly, we conclude that if Robinson's claim has a valid constitutional foundation, it lies in the Fourteenth Amendment's protection of substantive due process rights.

Substantive due process protections are designed to guard the individual against certain government actions regardless of the fairness of the procedure used to implement them. *Hudson v. Palmer*, 468 U.S. 517, 541 n. 4, 104 S.Ct. 3194, 3197 n. 4, 82 L.Ed.2d 393 (1984) (Stevens, J., concurring in part and dissenting in part). A substantive due process violation occurs when the government engages in conduct which offends "those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses." *Rochin v. California*, 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952).

In the law enforcement context, where a liberty interest is implicated, one test used to determine whether there has been a violation of substantive due process centers on whether the conduct which allegedly precipitated the harm complained of "shocks the conscience of the court." *Rochin*, 342 U.S. at 172, 72 S.Ct. at 209. In determining whether the defendant's conduct shocks the conscience, a court should be guided by a number of factors enumerated by Judge Friendly in *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). The court should strike a balance between the need for application of force and the amount of force used.[1] We note that although there is no

---

**1.** Specifically, the *Johnson* Court listed several     factors that apply:

allegation of excessive force in Robinson's complaint, the *Johnson* factors may indeed be relevant here, given the nature of Robinson's claims.

In support of their motion to dismiss, defendants argue principally that this case "is a simple garden variety negligence action which should be tried in Supreme Court, Westchester County, New York," rather than in a federal court under § 1983. *See* Attorney's Affidavit at 2. This argument appears to be framed to take advantage of the principle that a negligent violation under color of state law of an individual's liberty interests without due process of law is not actionable under § 1983 if there are adequate state remedies. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).

We are not persuaded upon review of all defendants' submissions that what Robinson alleges in his complaint is "simple garden variety negligence." *See* Attorney's Affidavit at 2. Robinson's allegation that the "police officer ... is responsible for ... making me walk in the snow barefooted" would seem at the very least to be a charge that the actions of the police officer involved were deliberately indifferent to Robinson's rights, if not reckless or intentional. *See* Plaintiff's Exhibit A at 3. Liberally construed, Robinson's complaint alleges that the act of compelling him to go without shoes was "deliberate, gratuitous and excessive." *See Massop v. Coughlin,* 770 F.2d 299, 301 (2d Cir.1985).

The standard *pro se* complaint form which Robinson submitted in this action asks a plaintiff to describe his injuries and to "state what medical treatment was required and received." Robinson's response to this question was "none." *See* Plaintiff's Exhibit A at 4. He alleges only that

he was subjected to "humiliation, ridicule and imbarassment" [sic]. *See* Motion to Amend Complaint (July 21, 1986). He expressly disclaims having sustained injuries which required medical attention. Arguably, however, Robinson's allegations of injury are sufficient to withstand a motion to dismiss. *See Conway v. Village of Mount Kisco,* 758 F.2d 46, 48 (2d Cir.1985), *cert. dismissed sub nom. Cerbone v. Conway,* —— U.S. ——, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986) (§ 1983 claim held sufficient, where plaintiff alleged deprivation of due process as a result of "seven hours of detention and great humiliation, ridicule and mental anguish.").

We do have considerable doubt, however, as to whether Robinson's claim is of constitutional magnitude.[2] Notwithstanding our concern, we are aware that the standard for the evaluation of a *pro se* § 1983 complaint in the context of a motion to dismiss calls for the generous resolution of doubts in favor of the plaintiff. Many claims that are not likely to prevail are sufficient to overcome a pre-trial motion to dismiss.

We deny defendants' motion to dismiss and grant Robinson's request for appointment of counsel, without prejudice to defendants' right to renew dispositive motions at a later date.

SO ORDERED.

---

"In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson,* 481 F.2d at 1033.

**2.** In *Johnson, supra,* the Second Circuit emphasized that not all violations which give rise to simple tort actions are sufficiently egregious to sustain a § 1983 claim. In the context of that case, the Court noted that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates a prisoner's constitutional rights." *Id.* at 1033.