■ In the Matter of ROLAND CARTER et al., Appellants, v DONALD BLAKE, as Superintendent of Highways of the Town of Plattsburgh, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered November 30, 1976 in Clinton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to award petitioners a contract upon which they were low bidders. The Town of Plattsburgh advertised in the newspaper on July 19, 1976 for bids to pave a number of roads in the town. The advertisement included a provision that the town board reserved the right to accept or reject any and all bids. An amendment to the bid forms was made before the bidding which was forwarded to all bidders. Petitioners were the low bidders. Subsequently, the town board voted to rebid the job after Donald Blake, the town highway superintendent, who, pursuant to section 193 of the Highway Law, was empowered to award the bids, advised the board that lower bids would be forthcoming upon a rebidding of the contract. The second bidding was readvertised. The specifications were the same except that three of the five bidders, including the petitioners, received the original, unamended proposal form. W. A. Bushey & Son was the lowest bidder. The bid was approved by Donald Blake and awarded to Bushey by the board. At the hearing on the issue of whether the respondents acted arbitrarily, Special Term found that the rejection of the first bids was lawful, timely and based on facts sufficient to constitute a rational course of action, and that the failure to send certain bidders the amended form on the second bid constituted a clerical error and not an unlawful manipulation of the bidding process. Petitioners contend that the rejection of the first bid in anticipation of lower bids is an invalid reason for rebidding a contract. We disagree. Subdivision 1 of section 103 of the General Municipal Law permits a town highway superintendent to reject all bids in his discretion if he is not satisfied with the price. This is eminently sensible in view of the policy enunciated in section 100-a of the General Municipal Law that the negotiations of contracts for works "facilitate the acquisition of facilities and

commodities of maximum quality at the lowest possible cost". The actions of Donald Blake and the town board were in conformity with the obligation reposed upon them to best serve the financial interests of their community. The evidence at the hearing supports the conclusion of good faith and rationality of their decisions. The second issue posed is whether the distribution of proposal forms to some of the bidders which failed to contain the amended bid specifications made the second bid noncompetitive and, therefore, void. It is to be noted that the amended specifications would have lowered petitioners' bid by approximately $5,000. This left petitioners' bid still substantially higher than the Bushey bid by some $10,000. We conclude that the variance in the specifications was neither substantial nor of significant consequence, and competitive bidding was, therefore, not interfered with by the error of the office staff in passing out the unamended bid specifications. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.