■ In the Matter of KNICKERBOCKER REPORTING, INC., Appellant, v NEW YORK STATE DEPARTMENT OF PUBLIC SERVICE et al., Respondents.—

Appeals (1) from a judgment of the Supreme Court at Special Term, entered October 3, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination rejecting all competitive bids for a contract and for other relief, and (2) from an order of said court, entered November 14, 1979, which denied petitioner's motion to renew and reargue its application. Petitioner submitted a bid to provide stenographic reporting services at proceedings of the respondent New York State Department of Public Service (PSC) for a period of three years. In addition to the PSC, completed transcripts are frequently purchased by others, and bidders were asked to develop a fee schedule covering different groupings of potential customers. However, all of the initial bids were rejected when it was discovered that the rates quoted for charges to the PSC were substantially higher than its costs under the existing contract. Claiming that this decision was arbitrary and that it was the lowest bidder, petitioner commenced the instant CPLR article 78 proceeding. Special Term found it unnecessary to reach the latter issue because it concluded that respondent had not acted unreasonably in rejecting all bids. It adhered to this position on reargument, following the PSC's acceptance of new bids for a term of one year. Although it had participated in this subsequent competition, petitioner was not the lowest bidder and the present appeal ensued. Respondents' right to reject any and all bids "in the best interests of the Department" was explicitly noted in the general bid specifications and complied with the statutory mandate that contracts be awarded "as will best promote the public interest" (State Finance Law, § 174). In taking such action, the PSC expressed the belief, supported by later events, that a one-year accord would produce lower costs than those associated with the initial bids. Viewed objectively, its decision possessed a rational foundation and, contrary to petitioner's assertions, did not represent an after the fact change in the rules of competition or an effort to favor a particular bidder. Since petitioner failed to demonstrate that the process was arbitrary, Special Term properly dismissed its petition (cf. *Matter of Carter v Blake,* 63 AD2d 760, mot for lv to app den 45 NY2d 705). Judgment and order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.