OPINION OF THE COURT
Fred T. Santucci, J.
In this CPLR article 78 proceeding petitioner seeks a judgment annulling respondent agency’s decision of June 28, 1990 to reject all bids and to rebid the subject project in the future, *479 and further seeks to have the matter remanded to the agency for reconsideration of its bid.
In May 1990 respondent City of New York Department of Parks and Recreation (hereinafter Parks Department) solicited bids for the reconstruction of the landscaping and playground of Bowne Park. The public opening of bids on this project was scheduled for May 24, 1990. On May 21, 1990 the Parks Department issued technical clarification No. 1 which officially altered the terms of the contract by significantly increasing the amount of asphalt pavement and lawn restoration materials and decreased the amount of peat moss and top soil. The May 21, 1990 technical clarification also provided that "[a] copy of all Technical Clarifications/Addenda shall be submitted with bid documents. Otherwise the bid will be deemed incomplete”.
Approximately 30 bids were submitted for this project. At the May 24,1990 public opening of the bids, it was determined that petitioner had submitted the second lowest bid of $1,019,173 and had included a copy of the May 21, 1990 technical clarification. The lowest bid was submitted by Audax Construction Corp. in the amount of $975,000. Audax however failed to include a copy of the May 21, 1990 technical clarification in its bid, and did not take into account any of the amendments contained in the clarification. Audax was subsequently given an opportunity to revise its bid. The Parks Department accepted Audax’s revised bid of $981,144.86 and on June 1, 1990 awarded Audax the contract for the subject project, as it was still the lowest bidder.
Petitioner commenced the within proceeding on June 13, 1990 and sought a preliminary injunction enjoining Audax from commencing on work on the contract, and a judgment annulling the award of the contract to Audax and directing that the contract be awarded to petitioner. The Parks Department, on June 28, 1990, terminated the contract with Audax and decided to reject all bids and to readvertise the project in the future. This court, in an order dated September 10, 1990, denied petitioner’s request for a preliminary injunction and to annul the contract awarded to Audax on the ground of mootness.
The only issue presently before the court is whether the Parks Department’s decision to reject all bids and to readvertise the project following the termination of the Audax contract was arbitrary and capricious. The Parks Department, in *480 its answer, asserts that it decided to reject all bids because the bidding process, whereby it permitted Audax to revise its bid, did not result in the equal treatment of all bidders. Petitioner argues that this is not a sufficient ground to reject all bids, as the Parks Department should have rejected the Audax bid as incomplete and considered only the complete bids. Petitioner asserts that the matter should be remanded to the agency so that it can determine whether petitioner, as the lowest bidder, meets all the qualifications to be awarded the contract for the Bowne Park project.
It is well settled that where good reason exists, the low bid may be disapproved, or all bids may be rejected. Neither the low bidder nor any other bidder has a vested property interest in a public works contract, and statutory law specifically authorizes the rejection of all bids and the readvertisement for new ones if deemed to be "for the interest of the city so to do”. (NY City Charter § 313 [b] [2] [formerly § 343 (b)]; see also, General Municipal Law § 103 [1]; Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144, 149.) Although the power to reject any or all bids may not be exercised arbitrarily or for the purpose of thwarting the public benefit intended to be served by the competitive process (Matter of Fischbach & Moore v New York City Tr. Auth., 79 AD2d 14; Matter of Carucci v Dulan, 24 AD2d 529), the discretionary decision ought not be disturbed by the courts unless irrational, dishonest or otherwise unlawful. (Abco Bus Co. v Macchiarola, 52 NY2d 938; Square Parking Sys. v Metropolitan Transp. Auth., 92 AD2d 782; Matter of Carter v Blake, 63 AD2d 760.)
Moreover, only upon a showing of actual impropriety or unfair dealing, such as "favoritism, improvidence, extravagance, fraud and corruption” (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 193), or some other violation of the statutory requirements, can the decision to reject all bids and readvertise for a second round of bidding be deemed unlawful (Conduit & Found. Corp. v Metropolitan Transp. Auth., supra, at 149; cf., Gerzof v Sweeny, 16 NY2d 206; Le Cesse Bros. Contr. v Town Bd., 62 AD2d 28). Therefore, where the party challenging the decision has not satisfied its burden of making such a demonstration, the agency’s decision should remain undisturbed (see, Janvey & Sons v County of Nassau, 60 NY2d 887, 889).
In the case at bar, it is clear that the Parks Department improperly and impermissibly allowed Audax to revise its bid *481 in a way that affected the competitive character of the bidding and gave Audax a substantial advantage or benefit not enjoyed by the other bidders. The Parks Department, however, correctly remedied this error by terminating the contract awarded to Audax. Thus, the decision to reject all bids and to readvertise the project in order that all bidders be treated fairly and equally, constitutes a bona fide ground for rejecting all first round bids and serves the public’s interest in fostering honest competition. In addition, as the first round bidders’ ability to perform the contract may have been impaired by the 10-month delay since the bids were first submitted, and the 9-month delay since the Audax contract was terminated, it is both rational and fair to all bidders to require a second round of bids.
Finally, the court finds that petitioner has failed to demonstrate that the respondent agency’s decision to reject all bids and readvertise the project was the result of actual impropriety, unfair dealing or other violations of statutory requirements, and therefore this decision should not be disturbed.
Accordingly, petitioner’s request to annul the Parks Department’s decision to reject all bids and readvertise the project is denied and the petition is dismissed.