OPINION OF THE COURT
Marquette L. Floyd, J.
For the purposes of this memorandum, the above three CPLR article 78’s are consolidated inasmuch as they involve common issues of law. The respondent Town of Brookhaven’s motions made in all three article 78’s seeking to dismiss the petition based upon objections in point of law are considered under CPLR 7804, General Municipal Law § 103, Town Law § 64 and are granted. The petitions are dismissed in all three actions.
On May 20, 1993, the Town Board of the Town of Brookhaven invited bids for a five-year contract for the collection of residential solid waste and recyclables in 35 Contract Bid Areas (CBA).
On June 8, 1993, 39 bids were opened and petitioner Son Mar Carting appeared to be the successful low bidder on 34 CBA’s, the petitioner V. Garofalo Carting, Inc. was second lowest bidder on 9 CBA’s, and the petitioner J & S Sanitation Services, Inc. was second lowest bidder on 2 CBA’s. The Town thereafter requested of the petitioners further information and indicia of the petitioners’ financial status and required submission of a proposed business/operation plan. However, on August 10, 1993, the Town Board unanimously adopted a resolution to reject all bids, to significantly revise the contract bid specifications, to readvertise and solicit new bids. The petitioners were all notified of the Town Board’s actions. Thereafter, the instant three article 78 proceedings ensued.
In action I, index No. 20882-93, Son Mar Carting, Inc., alleges, inter alia, that the Town Board’s actions in rejecting all bids is arbitrary, capricious, an abuse of discretion, without a rational basis and is not in the best interests of the public. The petitioner in action II, index No. 20052-93, V. Garofalo Carting, Inc., who also submitted bids on 20 CBA’s, contends that as the second lowest bidder on 9 CBA’s the Town Board is required to award those contracts to it inasmuch as Son *202 Mar Carting, Inc. is not a responsible bidder. For the same reasons, the petitioner in action III, index No. 20356-93, J & S Sanitation, Inc., asserts that as the second lowest bidder they are entitled to a contract award for two of the CBA’s.
The respondent Town Board demurs and seeks to dismiss all three petitions pursuant to CPLR 7804 (f) on objections in point of law, asserting, inter alia, that it was within its statutory authority to reject all bids and to protect the public’s interest in limiting to 10 the number of CBA’s awarded to any one carter.
General Municipal Law § 103 (1) provides in pertinent part: "all contracts for public work involving an expenditure of more than twenty thousand dollars and all purchase contracts involving an expenditure of more than ten thousand dollars, shall be awarded by the appropriate officer, board or agency of a political subdivision * * * to the lowest responsible bidder * * * Such officer, board or agency may, in his or its discretion, reject all bids and readvertise for new bids” (emphasis added).
Here, there is nothing contained within the moving papers or asserted at the oral argument of this matter that would convince this court to ignore the provisions of General Municipal Law § 103 (1) and usurp the Town Board’s grant of discretion to accept or reject all CBA bids. Indeed, in the instructions to bidders, dated May 20, 1993, the Town Board reiterated General Municipal Law § 103 (1) wherein the Town stated unequivocally that it: "reserves the right to reject any and all bids, in whole or in part.”
Although the petitioner Son Mar asserts that the Town Board’s actions in rejecting all bids is arbitrary, capricious, an abuse of discretion, does not have a rational basis and is not in the public interests, such assertions are misplaced.
A municipality’s authority to reject all bids on a public contract and to readvertise to include specific essential specifications is well settled. Where a board determines it omitted a specific requirement it later determines is of essential importance and which must, for good reason, be included in its specifications, it may properly reject and readvertise (King Bay Buses v Aiello, 100 Misc 2d 1), unless such a determination is irrational, dishonest or otherwise unlawful. (Matter of Gross Constr. Assocs. v Gotbaum, 150 Misc 2d 478.)
In its resolution of August 10, 1993 that rejected all the CBA bids, the Town Board stated that:
*203 "[I]t would be in the best interest of the Town of Brookhaven and residents of the Brookhaven Refuse and Recycling Improvement to have multiple solid waste carters service * * * Brookhaven * * * in order to foster competition among bidders for these contracts * * * to facilitate the replacement of any carter who has not properly performed the required services within any C.B.A., and to otherwise protect the interests of the residents * * *
"[T]his Board finds that a restriction on the number of C.B.A.’s for which any carter may submit bids constitutes an essential term for said bids, to protect the public interest” (emphasis added).
Although, the petitioners contend it is not in the best interests of the public to limit the competition by permitting a carter to only bid on 10 CBA’s, it is the public entity and not the court or bidder that is clothed with the statutory authority and discretion to determine the specifications that are necessary to protect the public’s interest. (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144.) Given the financial magnitude of the contracts to be awarded, there is a rational basis to the Town Board’s determination to reject all bids and readvertise to address its concerns regarding the propriety of the fiscal and financial health of a bidder, possible violations of flow control (burying garbage outside of the town) and instituting more stringent performance penalties.
Rather than reflect an irrational basis, the Town Board’s determination to reject all bids and readvertise reflects a careful, calculated and reasoned decision to scrutinize its own prior bid specifications. Certainly, such self-scrutinization and the resultant changes to the bid specifications can hardly be characterized by petitioners as arbitrary, capricious, or an abuse of discretion. Indeed, the public interest is better served by the bidding specifications now proffered by the Town.
Finally, the mere fact that representatives of the Town had conversations, meetings and corresponded with the various petitioners, and who thereafter perceived that the contracts would be awarded, each petitioner fails to note Town Law § 64 (6) that mandates that all Town municipal contracts, must be awarded by the Town Board and executed by the Town Supervisor. Therefore, the issue of alleged representations made by any particular Town employee regarding the ultimate success and award of any of the bid contracts contradicts the explicit provisions of Town Law § 64 (6).
*204 Accordingly, inasmuch as the Town Board’s determination to reject all bids and readvertise was neither arbitrary, capricious, an abuse of discretion, illegal and had a rational basis, all three petitions fail to state a cause of action and must be dismissed. Upon the basis of the foregoing, the court need not reach other issues raised by the respective petitioners. The respondent Town’s motions to dismiss are granted within all three proceedings. The petitions are dismissed.