■ In the Matter of ANGELO CARUCCI et al., Doing Business as CARUCCI BROTHERS, Respondents, v. FRANK M. DULAN et al., Constituting the Board of Contract and Supply of the City of Utica, Appellants.— Judgment unanimously

reversed, without costs of this appeal to any party, and matter remitted to Oneida County Special Term for further proceedings in accordance with memorandum. Memorandum: In this article 78 proceeding in the nature of mandamus to compel the city to award to petitioner a contract upon which it was low bidder, Special Term erred in attempting to decide the disputed factual issues without a trial. Briefly stated, the petition alleged that the bid was rejected because of a claimed defective financial statement submitted therewith. There were further allegations that after the opening and canvassing of the bids a supplemental financial statement had been filed by petitioner at the request of a city official. This might be construed as asserting that the city was equitably estopped from interposing this ground as a reason for rejecting the bid. (Cf. *Clark* v. *State of New York*, 20 A D 2d 182, 190, affd. 15 N Y 2d 990.) The answer denies all of these allegations and appears to allege three grounds for the rejection of the bid: (1) readvertising might result in lower bids (not that the bids as received were too high but that they were higher than the current contract); (2) defective financial statement and (3) to avoid litigation. The latter ground appears to be based on the view of the Corporation Counsel that he was uncertain as to the validity of the other assigned reasons for rejecting petitioner's bid. CPLR 7804 (subd. [h]) provides that "If a triable issue of fact is raised in a proceeding under this article, it shall be tried forthwith." This provision "has reference to factual issues in reviewing determinations characterized as 'administrative' and reviewable in mandamus." (8 Weinstein-Korn-Miller, par. 7803.10, p. 78–52.) After the facts are found a determination can be made as to whether or not the action of the city was proper. "In exercising the power to reject any or all bids, and proceeding anew with the awarding of the contract, the officers [of a municipality] cannot act arbitrarily or capriciously, but must observe good faith and accord to all bidders just consideration, thus avoiding favoritism, abuse of discretion or corruption. Although the courts generally will not disturb an honest exercise of discretion, it has been said that they will intervene to prevent the arbitrary rejection of a bid when its effect is to defeat the object to be obtained by competition." (10 McQuillin, Municipal Corporations [3d ed.], § 29.77 pp. 363–364.) (Appeal from judgment of Oneida Special Term, in favor of petitioners and annulling determination of respondents as to petitioners' bid for garbage contract.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ. [41 Misc 2d 859.]