John H. Doerr, J.
Petitioner, the low bidder for the construction of a retaining wall at Lockview Plaza, designated Lockport Urban Renewal Project NYR-86, seeks relief pursuant to this article 78 proceeding from the awarding of the contract therefor by respondent Lockport Urban Renewal Agency (hereinafter designated as “ Agency ”) to respondent Scrufari Construction Company, Inc. (hereinafter designated as “ Scrufari”).
Petitioner, Scrufari, and others submitted timely bids in the form and manner required by the Agency fully complying with each and every requirement and specification.
At a regular meeting of the Agency on September 27, 1972, the bids were opened and the three lowest were held pending approval of the low bidder and pending approval by the Lockport City Engineer.
Petitioner was low with its bid of $156,890 and Scrufari was second low with its bid of $163,470. •
The City Engineer requested and, on October 3,1972, received a statement of qualifications from both bidders,
*373 Concededly there was no hearing held by the Agency or any additional information requested as to qualifications.
Petitioner requested a meeting to present additional evidence and arguments to show its responsibility if that was an issue, but the Agency, through its attorney, advised that they preferred to rest on what they had and not meet with petitioner.
The Agency met on October 11, 1972 when James Quirk, a member thereof, and also Assistant Lockport City Engineer, reported that the City Engineer had reviewed the bids and recommended the contract be awarded to Scrufari since petitioner had only been in operation since October 1,1970; had only documented experience in sewer and water line construction, and did not appear to have the background and completed-work experience adequate to perform a job this large or complex. On the other hand, he stated that Scrufari appeared to be well qualified by reason of background and experience.
The Agency also had before it correspondence from its attorney setting forth the requirement that the contract be awarded to the lowest responsible bidder which need not be the lowest bidder.
A careful reading of the Agency meeting minutes fails to disclose any discussion, consideration or evaluation of petitioner’s qualifications other than the statement by member Quirk, nor does it appear that the “statement of qualifications” itself which petitioner had submitted to the City Engineer was available to or considered by the Agency members before voting to award the contract to Scrufari. Such “ statement ” clearly indicated that petitioner has never failed to complete any work awarded and has never defaulted on any contract.
In any event, on the day following that meeting Scrufari was notified of the contract award. No rejection notice of any kind was ever sent to petitioner and oral notification was received only after inquiry when petitioner was informed the contract had been awarded to Scrufari as being more qualified.
Petitioner claims to be the lowest responsible bidder. If that is so, then the award should be theirs as required by section 103 of the General Municipal Law.
The rights and correlative duties between low bidder and municipal corporations comparable to the Agency here and the powers of the courts to intervene remain an area difficult of resolution. “ The proper officials of a municipality have the duty to exercise reasonable discretion in determining which bid to accept. If there is a reasonable basis for exercise of such discretion, the determination will not be disturbed by the courts. *374 (Matter of Kaelber v. Sahm, 281 App. Div. 980, affd. 305 N. Y. 858; People ex rel. Gaffey v. Fobes, 151 App. Div. 245, affd. 210 N. Y. 598). Of course, the statute is for the benefit of the municipality, not of the bidders (People ex rel. Gaffey v. Fobes, supra). (Matter of Warren Bros. Co. v. Craner, 30 A D 2d 437, 440).
On its face, this seems simple enough, but there has developed a dichotomy which proves troublesome in the administrative law area on the subjects of property versus nonproperty rights, and administrative as opposed to judicial or quasi-judicial determinations. (Matter of Pipe S Eng. Co., 220 N. Y. S. 2d 175.)
As to the former of these considerations, it does not appear to this court that the property — nonproperty question should be determinative here. It has been held that: “ Awarding the contract in question to the lowest responsible bidder concerns a property right and is reviewable under an article 78 proceeding.” (Matter of Buffalo Audio Center Atrolite Co. v. Union Free School Dist. No. 1, 29 Mise 2d 871, affd. 15 A D 2d 991). Pointing up the difference of judicial opinion, however, is the situation where a low bidder failed to receive a contract award and it was found that no property right was involved. “ The petitioner was simply offered the right to bid for a contract and was unable to prove to the satisfaction of the board its ability to qualify as the ‘ lowest responsible bidder ’.” (Matter of Haskell-Gilroy Inc. v. Young, 20 Misc 2d 294, 295, affd. 10 A D 2d 629). In that case, petitioner had requested and was granted a hearing. The investigation was most comprehensive including information obtained from those for whom petitioner worked in the past, with petitioner’s background checked by a private investigative agency. No one can seriously urge that such standards were met in the case at bar.
Of the latter consideration I do find that the Agency, in determining the issue of petitioner’s responsibility, exercises a function that is judicial or quasi-judicial in nature. As such “ Certiorari is a procedure for reviewing ‘ judicial ’ determinations. If the determination is so characterized, it must be preceded (whether or not the authorizing statute specifically so directs) by a hearing meeting standards of due process.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.04). The Agency has the exclusive authority not only to investigate, but to make a determination as to the responsibility of petitioner and such a function is not merely administrative but is quasi-judicial in nature. (Matter of Ward La France Truck Corp. v. *375 City of New York, 7 Misc 2d 739.) The present .state of the record does not adequately disclose that the judicial function was properly performed, and the Agency did not make findings in respect thereof. Consequently, I hold that on the basis of the proceedings, as presented, the determination of the Agency was arbitrary and capricious.
Without discussing either the question of property right or judicial determination in Matter of Warren Bros. Co. v. Craner (supra, p. 440) it was found that respondent “ was arbitrary in rejecting petitioner’s bid without investigation and without a hearing, all in violation of the law”. (Emphasis supplied.) The two-pronged test of investigation and hearing was enunciated even though there was no .statutory requirement mandating such hearing. Application of those requirements here discloses deficiencies on the part of the Agency in both respects. There was no hearing, and, as stated, when petitioner requested one to meet the burden as to qualifications and responsibility such request was summarily refused, and not by "the Agency or its members but by their attorney. Nor is this court impressed that a bald request by the City Engineer for a “ qualifications statement ”, without more, meets even the minimal requirement as to a meaningful investigation.
The issue is not whether Scrufari is more qualified than petitioner but one of petitioner’s responsibility. To determine this there must be a hearing affording petitioner due process of law.
It appears that the bids themselves were properly secured and I find no reason to reject them or to order rebidding on the contract in question. I do find that the contract award to Scrufari should be set aside. ‘ Mandamus proceedings are controlled by equitable principles and considerations, and the court which, in a proper exercise of its discretion, has the power unqualifiedly to refuse the remedy where enforcement of strict legal rights would operate to prejudice the public interest, may in a less drastic regulation jural relationship mould its relief to meet the exigencies of that interest.” (Matter of Pipe & Eng. Co., supra, p. 178).
With this in mind, I hold that a hearing is therefore required at which petitioner will be afforded an opportunity to present evidence as to the circumstances upon which the Agency relied, in whole or in part, in. disqualifying petitioner. ‘ ‘ The observation may also be made that the respondents are to make the determination by the exercise of their judgment, not by merely accepting without question the report of their engineer.” *376 (Matter of Hodge & Hammond v. Burns, 23 Misc 2d 318, 320).
It would seem appropriate that following the hearing directed herein, the Agency indicate in its ultimate ruling, the basis for its conclusion ,so that there be no doubt about the reason for any decision reached.
The determination of the Agency should, therefore, be annulled without costs and the matter remitted to the Agency for further proceedings not inconsistent with this opinion.