### (March 18, 1974)

■ In the Matter of ARMERE HOLDING CORP., Respondent, v. BENJAMIN BELL, as Director of the ARVERNE URBAN RENEWAL, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel reinstatement of petitioner as sponsor of an urban renewal site in New York City and to vacate appellant Christian's determination withdrawing the tentative designation of petitioner as sponsor of the site, the appeal (by permission) is from an order of the Supreme Court, Queens County, dated May 3, 1973, which granted the application and remanded the matter to said appellant for reconsideration of his said determination " upon a proper hearing with due notice to the petitioner." Order modified, on the law, by adding that at the conclusion of the hearing the respondents in the proceeding shall make findings of fact and state reasons for their determination. As so modified, order affirmed, without costs. Appellants contend that the designation of petitioner as " tentative sponsor" (cf. General Municipal Law, § 507, subd. 2, par. [c]) conferred no substantive property rights and that the absence of such rights precludes any requirement that a hearing be held before the designation may be revoked. We note that the hearing ordered to be held by Special Term need not be a full evidentiary hearing. We do not believe, however, that the question in the proceeding turns on whether or not petitioner had a property right or interest in the urban renewal parcel. Rather, the question is whether the actions of the governmental agency in question are reasonable and fair in the circumstances of the case (see Goldberg v. Kelly, 397 U. S. 254, 257; Hannah v. Larche, 363 U. S. 420, 440–442; cf. Matter of Brown v. Board of Educ. of City of N. Y., 42 A D 2d 702; Matter of Seacoast Constr. Corp. v. Lockport Urban Renewal Agency, 72 Misc 2d 372). Even a purely administrative determination may not stand untested in the face of charges of arbitrary or capricious action (CPLR 7803, subd. 3). Remanding to appellants permits them to exercise their expertise in making the determination. But the determination must be made upon (1) a clear showing of the agency rules and regulations, if any, that govern appellants' administrative procedures, (2) a hearing held providing a record as a basis for review and (3) factually supported reasons rather than vague statements of unsatisfactory performance. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Cohalan, JJ., concur.