■ In the Matter of LAW BROTHERS CONTRACTING CORPORATION, Appellant, v JAMES C. O'SHEA, as Commissioner of the Office of General Services of the

State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered March 19, 1980 in Albany County, which dismissed an application pursuant to CPLR article 78 to annul a determination made by the Office of General Services to reject all bids on two separate contracts. On August 30, 1979, the Office of General Services (OGS), acting for the New York State Department of Agriculture and Markets, received sealed bids for construction work on building No. 12 at the New York State Fair Grounds. Petitioner was the sole bidder for this project, identified as 31142-C, with a bid of $223,569. On September 19, 1979, OGS also received bids for construction work on Buildings Nos. 7 and 13 at the State Fair Grounds. Petitioner submitted the lower of two bids on this project identified as 30715-C. Its bid was for $292,069. Petitioner was notified that both its bids on projects 31142-C and 30715-C would be recommended to OGS. However, OGS ultimately rejected both bids on the ground that the job specifications for both projects needed to be substantially revised and combined with other work on the fair grounds and were to be rebid as one separate contract. This decision by OGS was predicated upon construction difficulties encountered in a similar building but which only became apparent after the advertising of petitioner's bids. On November 30, 1979, petitioner brought an article 78 proceeding alleging that the bids were arbitrarily rejected as a direct result of labor union pressure and coercion placed upon OGS because of petitioner's status as an "open shop" employer. Special Term dismissed the petition finding that petitioner's allegations were insufficient as a matter of law and, further, that the determination by OGS to reject the bids was rational. We agree. Under section 174 of the State Finance Law, the Commissioner of General Services has the authority to reject bids on State contracts. However, he may not act arbitrarily or capriciously in rejecting bids (cf. *Matter of Carucci v Dulan*, 24 AD2d 529). In the instant case, petitioner failed to come forward with any evidence supporting the conclusory assertion of labor union pressure as the reason for OGS' rejection of its bids. Thus, the hearsay allegations of petitioner do not raise an issue of fact which would require a hearing (cf. *Matter of Feigman v Klepak*, 62 AD2d 816). Finally, it is clear from the record that OGS' decision to reject all bids was based on budgetary, financial and planning factors. Accordingly, there was a rational basis for this determination and it should not be disturbed (see *Matter of Futia Co. v Office of Gen. Servs. of State N.Y.*, 39 AD2d 136). Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Main and Casey, JJ., concur.