In the Matter of SCHIAVONE CONSTRUCTION COMPANY, INC., Appellant, v JAMES L. LAROCCA, as Commissioner of the New York State Department of Transportation, et al., Respondents, and KARL KOCH ERECTING COMPANY, INC., Intervenor-Respondent. (Proceeding No. 1.)

In the Matter of SCHIAVONE CONSTRUCTION COMPANY, INC., and NORTH STAR CONTRACTING COMPANY, a Joint Venture, Appellants, v FRANK WHITE, as Commissioner of the New York State Department of Transportation, et al., Respondents, and MORRISON-KNUDSEN COMPANY et al., a Joint Venture, Intervenors-Respondents. (Proceeding No. 2.)

Third Department, June 5, 1986

### APPEARANCES OF COUNSEL

*Buckley, Treacy, Schaffel, Mackey & Abbate (George F. Mackey* of counsel, for appellant in proceeding No. 1, and *Eugene Schaffel* of counsel, for appellant in proceeding No. 2).

*Robert Abrams, Attorney-General (Richard J. Dorsey* of counsel), for respondent.

*Fisher & Fisher (Andrew S. Fisher* of counsel), for Morrison-Knudsen Company and another, intervenors-respondents.

### OPINION OF THE COURT

Per Curiam.

On this appeal, we are asked to determine whether the

decisions not to award petitioners a contract on the ground that they are not "responsible bidders", primarily because of a pending criminal indictment against petitioner Schiavone Construction Company, Inc. (Schiavone), violated procedural due process or were otherwise infected by errors of law. In April 1985, the Department of Transportation solicited bids on contract D-500191, providing for reconstruction of the bridge deck and supporting structure on the Queensboro Bridge in New York City, and contract D-250829, which provided for construction of a railroad trestle between Highbridge Yard and Harlem River Yard in New York City. Schiavone bid $40,891,591 on contract D-500191. This was the low bid by approximately $1,689,000. Schiavone and petitioner North Star Contracting Company (North Star), as a joint venture, submitted a low bid of $58,294,666.70 on contract D-250829.

Highway Law § 38 (3) requires respondent Commissioner of Transportation to award contracts for the construction or improvement of State highways to "the lowest *responsible* bidder, as will best promote the public interest" (emphasis supplied). At the time petitioners submitted their bids, an indictment was pending in Bronx County charging Schiavone and certain of its officers with 137 counts of larceny and fraud involving the Minority Business Enterprise Program (MBE) in a public works project performed for the New York City Transit Authority in the late 1970s. Concerned about the indictment, respondent Darrell W. Harp, the chairman of the Contract Review Unit (Unit) of the Department, notified petitioners that members of the Unit wanted to meet with both of them to determine whether, in the best interest of the State, petitioners should be considered the "lowest responsible bidders" on each of the contracts in question.

With respect to contract D-500191, in April 1985, the Unit met with Schiavone's representatives and gave them an opportunity to explain the indictment. Schiavone contended that the indictment stemmed from a misinterpretation of the MBE guidelines and that it had not committed any crime. The Unit found Schiavone's contentions unpersuasive. In May 1985, the Unit determined not to award contract D-500191 to Schiavone, concluding that the indictment raised serious questions as to Schiavone's honesty, integrity, good faith and fair dealings. Likewise, with regard to contract D-250829, after a May 1985 meeting with Schiavone and North Star, the Unit determined that the joint venture was not the "lowest responsible bidder"

as would best promote the public interest. Both contracts were awarded to the next lowest bidders.

Petitioners commenced two separate proceedings pursuant to CPLR article 78 seeking to annul the determinations rejecting their bids. In separate decisions, both petitions were denied. These appeals ensued.*

Petitioners contend that the Unit's decisions were made without affording them adequate procedural due process. To succeed on a procedural due process argument, petitioners must show the deprivation of a protected interest by procedures which were insufficient under the circumstances *(see generally, Morrissey v Brewer,* 408 US 471, 481; 2 Rotunda, Nowak and Young, Constitutional Law: Substance and Procedure § 17.2 *et seq.,* at 202 [1986]). Hence, the due process claim requires a twofold analysis: first, whether petitioners have a protected interest and, if so, whether the procedures afforded them were adequate.

Since a low bidder does not acquire a property right in a contract *(Matter of Callanan Indus. v City of Schenectady,* 116 AD2d 883, 884; *see, Eastway Constr. Corp. v City of New York,* 762 F2d 243, 250), petitioners assert that the Unit's decisions affected their liberty interests. It has previously been held that the stigma attached to branding a contractor as "nonresponsible" due to a "lack of integrity" implicates a liberty interest when the result of such a decision affects the contractor's ability to carry on its business *(see, Old Dominion Dairy Prods. v Secretary of Defense,* 631 F2d 953, 963; *cf. ATL, Inc. v United States,* 736 F2d 677). It is reasonable to assume that the refusal to award petitioners two contracts of such magnitude for the reason that they were not "responsible bidders" had a drastic effect upon their ability to carry on their business. Consequently, we hold that petitioners had a cognizable liberty interest.

We find, however, that the procedures afforded petitioners were adequate. Due process is flexible and is determined by a weighing of the interests at stake, the risk of erroneous deprivation, the probable value of additional safeguards and the cost of substitute procedures *(Matthews v Eldridge,* 424 US 319, 335). In cases such as the one at bar, a formal trial-type hearing is not necessary *(see, ATL, Inc. v United States, supra,* p 686; *cf. Matter of Callanan Indus. v City of Schenec-*

---

* Since virtually identical issues are raised on both appeals, they will be discussed and decided together in this decision.

*tady, supra).* Here, petitioners were given notice of the Unit's concern over their responsibility and the reasons for that concern. Petitioners were afforded an opportunity to rebut the charges both in writing and at the informal hearings. They were informed of the reasons for denial of their contract bids and were afforded this review pursuant to CPLR article 78. We find that these procedures were adequate under the circumstances of this case.

Next, petitioners contend that the Unit's decision was not supported by substantial evidence. The standard of review of an agency's decision to award or deny a contract is whether there is a rational basis to support that determination *(see, e.g., Matter of Rehner, Inc. [City of New York],* 106 AD2d 268; *Matter of Law Bros. Contr. Corp. v O'Shea,* 79 AD2d 1075). The burden of proving that there is no rational basis for the decision is on the contractor *(see, Matter of Brereton & Assoc. v Regan,* 94 AD2d 886, 887, *affd* 60 NY2d 807). A criminal investigation or an indictment against the contractor can provide a rational basis for a finding that the contractor is not a "responsible bidder" *(Matter of Konski Engrs. v Levitt,* 69 AD2d 940, 942, *affd* 49 NY2d 850, *cert denied* 449 US 840; *Matter of Zara Contr. Co. v Cohen,* 23 AD2d 718, 719). We choose not to accept petitioners' invitation to reject these cases and, instead, conclude that they have failed to demonstrate the irrationality of the Unit's decision.

Finally, we note that *Matter of Callanan Indus. v White* (131 Misc 2d 333), cited by petitioners in a letter to this court, is inapposite to this appeal. The issues there involved whether the Commissioner had authority to promulgate certain procedures related to affirmative action programs. Neither that issue nor the additional contention that the Department failed to comply with the State Administrative Procedure Act with regard to certain "guidelines" used by the Department were raised by petitioners at Special Term in these proceedings. In fact, they were not raised on appeal until submission of the reply briefs and an additional letter thereafter. Accordingly, those issues are not properly before this court *(see, Arnold v New City Condominiums Corp.,* 88 AD2d 578, 579).

KANE, J. P., CASEY, MIKOLL and LEVINE, JJ., concur.

Judgments affirmed, with costs to respondents filing briefs.