OPINION OF THE COURT
William H. Keniry, J.
The key issue in this CPLR article 78 proceeding is whether petitioner was accorded due process of law in the procedures *71 followed in this case culminating in the Rensselaer County Legislature’s adoption on July 23, 1991 of a resolution awarding a $2,000,000 construction contract to the second low bidder.
The operative facts will be succinctly stated by the court. Rensselaer County (County) after a long period of planning has just commenced the construction of a new public safety building to replace its aging and outdated county jail. Petitioner LaCorte Electrical Construction and Maintenance, Inc. (LaCorte) timely submitted its bid for the electrical construction portion of the job. Bids were opened on July 18, 1991 and petitioner’s bid was $1,992,978. The respondent Schenectady Hardware and Electric, Inc. (SHE) submitted a bid of $2,022,000. LaCorte was the apparent low bidder. SHE was the second low bidder. The County Engineer and MLB Industries, Inc. (MLB), the corporation retained by the County to supervise construction of the public safety building, met with LaCorte on July 19, 1991 at a preaward meeting. On the same day MLB recommended to the County that the electrical construction contract be awarded to LaCorte. A special meeting of the Rensselaer County Legislature was scheduled for and held on July 23, 1991. The agenda included a resolution to approve the award of several prime contracts required for the construction of the public safety building, including the electrical construction contract. The resolution was numbered G/196/91. The resolution, as originally drafted and proposed, called for the award of the electrical construction contract to petitioner for the sum of $1,992,978. The special meeting convened at 5:00 p.m. An amendment to the subject resolution was proposed and adopted. The amendment made one change in resolution G/196/91. It substituted respondent SHE, in place of LaCorte, as the recipient of the electrical construction contract for a contract price of $2,022,000. The resolution, as amended, was adopted by the Legislature.
Petitioner commenced this proceeding to challenge the legality of the adoption of resolution G/196/91 by the Rensselaer County Legislature. This proceeding was commenced by order to show cause signed on July 29, 1991 by the Honorable Edward S. Conway, J.S.C. The order to show cause included a temporary restraining order preventing the respondents from executing or performing the electrical construction contract "pending the hearing and determination of the instant order to show cause”. An original return date of August 9, 1991 was set which was thereafter adjourned by consent of the parties *72 to August 19, 1991. Oral argument was held before the duly assigned IAS Justice.*
Issue has been joined. The respondents County of Rensselaer and John L. Buono have answered the petition. The respondent SHE has not answered the petition. It has submitted an affidavit by a corporate officer.
LaCorte, in its verified petition, seeks to annul the adoption of the resolution which awarded the contract to SHE on the basis that the respondents acted in violation of due process of law in, inter alla, determining LaCorte to be an irresponsible bidder without affording LaCorte a fair hearing conducted upon prior notice. The petition further avers that the County’s failure to award the electrical construction contract to LaCorte, the lowest bidder, was affected by an error of law and that the adoption of resolution G/196/91 as amended was arbitrary and capricious and without a substantial basis in fact.
The respondents County and Buono deny that the procedure followed by the Legislature in adopting the resolution in question was defective. The respondents further contend that petitioner was afforded adequate notice of the Legislature’s concern about LaCorte’s responsibility as a bidder and that LaCorte was afforded an opportunity to address the Legislature on the issue before the Legislature voted on the resolution.
General Municipal Law § 103 (1) requires that "all purchase contracts involving an expenditure of more than [$5,000], shall be awarded by the appropriate officer, board or agency of a political subdivision * * * to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section.” The law is settled that the low bidder for a particular public contract does not acquire a property right in the subsequent award of the contract but rather acquires "a cognizable liberty interest”, an interest which invokes the protection of procedural due process before such public agency may subsequently decide to reject the low bid and award the contract to another bidder (Matter of Schiavone Constr. Co. v Larocca, 117 AD2d 440, 443, lv denied 68 NY2d 610).
*73 In Matter of Schiavone Constr. Co. v Larocca (supra, at 443-444), the court set forth the minimum procedural due process protections which must be afforded before a low bidder may be stripped of its entitlement under General Municipal Law § 103 to be awarded a contract. The court stated: "Due process is flexible and is determined by a weighing of the interests at stake, the risk of erroneous deprivation, the probable value of additional safeguards and the cost of substitute procedures (Matthews v Eldridge, 424 US 319, 335). In cases such as the one at bar, a formal trial-type hearing is not necessary (see, ATL, Inc. v United States, supra, p 686; cf. Matter of Callanan Indus. v City of Schenectady, supra).”
When the responsibility of a low bidder for a public contract comes under scrutiny, due process requires, at a minimum, that the public agency give the bidder notice of its concern; the reasons for such concern; and afford the bidder an opportunity to rebut the concerns raised (Matter of Schiavone Constr. Co. v Larocca, 117 AD2d 440, lv denied 68 NY2d 610, supra). In Matter of Schiavone Constr. Co. v Larocca, the Appellate Division, Third Department, concluded that the requirements of procedural due process were satisfied by the State Department of Transportation’s action in notifying the low bidder that the Department’s contract review unit wanted to meet with the bidder to discuss pending criminal indictments and in thereafter personally meeting with the bidder who was given the opportunity to explain the pending indictments.
The Rensselaer County Legislature, without question, possesses the power and the privilege to reject the petitioner’s low bid should it conclude that petitioner is, indeed, not a responsible bidder. However it is settled law that, before such a determination may be made, the Legislature must afford petitioner the due process of law to which it is entitled.
The court must now decide, from the record before it, whether adequate due process of law was afforded LaCorte before the Legislature acted to award the contract to respondent SHE.
Following the opening of the sealed bids, the County did not formally notify LaCorte that the issue of its responsibility as a bidder would be placed under scrutiny. The record does not include any written communication to LaCorte by any County official notifying petitioner that such a review would be undertaken prior to award of the contract. Indeed the documentary *74 evidence in this case indicates that the County’s construction manager recommended in writing, one day after the bid opening, that the contract be awarded to petitioner.
The County addresses the issue of notice through the affidavits of its County Engineer and the Director of Legislative Operations for the Rensselaer County Legislature. The County Engineer avers that, when he met with LaCorte at the preaward meeting on July 19, 1991, he specifically advised petitioner that the Legislature "had reservations as to petitioner’s fitness on the issue of responsibility”. The County Engineer contends that he expressly informed petitioner at that time that it would have an opportunity to address the issue of responsibility and that the engineer "would endeavor to arrange a meeting at which such issue could be addressed by Petitioner”. The Director of Legislative Operations avers that he told petitioner on July 23, 1991 "during a recess and prior to the adoption of Resolution G/196/91” that it "would have an opportunity to address the Legislature as a whole that evening prior to any action on the subject resolution”. The record of the proceedings of the special meeting of the Rensselaer County Legislature held on July 23, 1991 are not part of the record before this court.
The record also reflects that on July 23, 1991, just prior to the commencement of the special meeting and after it had received indication that an issue would be raised as to its responsibility as a bidder, LaCorte delivered a letter to the Director of Legislative Operations in which it formally requested an opportunity to appear before the Legislature upon proper notice to address the issue of its responsibility as a bidder.
It is the court’s holding that due process was not satisfied under the circumstances of this case (Matter of Schiavone Constr. Co. v Larocca, 117 AD2d 440, lv denied 68 NY2d 610, supra).
The law requires that, in order to reject the low bid for a public contract on the ground that such bidder is not responsible, the awarding agency must give the low bidder adequate notice that an issue has been raised concerning the bidder’s responsibility and the low bidder must be given an opportunity to rebut the claims raised as to its alleged lack of responsibility. Here petitioner was not given adequate notice of the Legislature’s concern over its responsibility nor the reasons for that concern. Petitioner was not afforded an *75 adequate opportunity to rebut any charges. The court finds that the procedures employed were inadequate under the circumstances of this case.
Petitioner is entitled to a judgment annulling the adoption of resolution G/196/91 as it pertains to the award of the contract concerning electrical construction for the Rensselaer County public safety building based upon the court’s finding that minimum requirements of procedural due process have not been satisfied.

 The oral argument was held on August 20, 1991 before Honorable F. Warren Travers, J.S.C. Subsequent to such argument, Justice Travers disqualified himself from presiding over this proceeding. The case was thereafter reassigned to this court.