■ In the Matter of LACORTE ELECTRICAL CONSTRUCTION AND MAINTENANCE, INC., Appellant, v COUNTY OF RENSSELAER et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered May 25, 1990 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Hudson Valley Community College awarding an electrical contract to respondent Schenectady Hardware and Electric, Inc.

Petitioner, an electrical contractor in Rensselaer County, submitted the low bid for electrical work for the construction of a physical education complex at the campus of respondent Hudson Valley Community College (hereinafter HVCC). At a special meeting on April 2, 1990, the HVCC Board of Trustees went into executive session, which lasted 30 to 35 minutes, to discuss the financial, credit and employment histories of some or all of the contractors that submitted bids on the complex. The Board of Trustees thereafter commenced its regular session and voted to amend the agenda to add a vote on the awarding of contracts. The electrical work contract was awarded to another bidder because petitioner was determined not to be a responsible bidder based upon information that petitioner had stipulated to willfully violating prevailing wage laws and was going to plead guilty to one count of a multi-count indictment pending against it.

Petitioner commenced this CPLR article 78 proceeding to annul the determination on the ground that its due process rights were violated because it was given neither notice nor an opportunity to be heard before the HVCC Board of Trustees voted on the issue of whether it was a responsible bidder. Supreme Court dismissed the petition and this appeal ensued.

As the party claiming to be aggrieved by the denial of due process, petitioner bore the burden of establishing that he was deprived of the notice and opportunity to rebut described by this court in *Matter of Schiavone Constr. Co. v Larocca* (117

AD2d 440, 443-444, *lv denied* 68 NY2d 610). Although it is clear that petitioner had neither notice nor an opportunity to be heard before the HVCC Board of Trustees decided to award the electrical contract to another bidder, it is equally clear that the final decision in the matter was made by the Rensselaer County Legislature pursuant to Education Law § 6306 (7). There can be no doubt that before the Legislature considered the matter, petitioner had notice of the concern about its responsibility and the reason for that concern. Although the record does not clearly establish the nature of the opportunity to rebut the charges afforded petitioner prior to the final decision by the Legislature, the record contains a number of letters addressed to the Legislature submitted on behalf of petitioner, attesting to petitioner's responsibility as an electrical contractor. There is no allegation in the petition that petitioner was denied an opportunity to rebut the charges after the HVCC Board of Trustees awarded the bid and before the Legislature acted to approve the award. Nor does the record establish the denial of such an opportunity. In these circumstances, petitioner's due process claim should be rejected.

Nor is there any merit in petitioner's claim that the HVCC Board of Trustees violated the Open Meetings Law (Public Officers Law art 7) by discussing petitioner's financial, credit and employment history in a closed executive session *(see,* Public Officers Law § 105 [1] [f]). Since there was a rational basis for the determination, Supreme Court correctly dismissed the petition.

Weiss and Harvey, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. The determination by the Board of Trustees of respondent Hudson Valley Community College (hereinafter HVCC) that petitioner was not a "responsible bidder" affects petitioner's ability to carry on its business, thereby providing it a cognizable liberty interest *(see, Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 443, *lv denied* 68 NY2d 610). While the contracts awarded by HVCC must be approved by the Rensselaer County Legislature pursuant to Education Law § 6306 (7), the decision-making process is undertaken by HVCC's Board of Trustees and there is no doubt that petitioner was given no notice of its action nor an opportunity to be heard regarding its determination that petitioner was not a responsible bidder.

While respondents claim in their brief that petitioner was afforded an opportunity to explain to the Legislature its violation of prevailing wage laws and the criminal indictment

against it thereby affording it adequate procedural due process, the record before us contains no evidence of any such opportunity to be heard and our review is limited to the certified record on appeal *(see, Matter of Beiny [Wynyard],* 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994). Since there is no record evidence that the Legislature's approval followed notice to petitioner with an opportunity to be heard, we would annul that portion of the HVCC Board of Trustees' determination, and the Legislature's approval thereof, which awarded the electrical contract to respondent Schenectady Hardware and Electric, Inc. We would further direct the HVCC Board of Trustees to give petitioner notice of the basis and reasons for its determination that petitioner was not a responsible bidder and provide it an opportunity to be heard before awarding the electrical contract. The HVCC Board of Trustees should then develop a record with factually supported reasons for its determination as a basis for our review *(see, Matter of Seacoast Constr. Corp. v Lockport Urban Renewal Agency,* 72 Misc 2d 372).

Mahoney, P. J., concurs. Ordered that the judgment is affirmed, without costs.