OPINION OF THE COURT
William H. Keniry, J.
The issue presented in this CPLR article 78 proceeding is whether a hearing was required to be held before the respondent, the New York State Department of Health (DOH), could rescind its approvals permitting the construction of a 47-lot mobile home park.
Petitioners are the owners of an 80-acre tract of land on Spring Road in the Town of Amsterdam, Montgomery County. In 1989, they applied to DOH for approvals to construct "Brookfield Farms”, a mobile home park. On September 11, *974 1989, DOH’s district office issued approvals allowing the construction of a water distribution system and a sewage disposal system. DOH reviewed plans prepared and submitted on petitioners’ behalf by a professional engineer. The project thereafter was subjected to review under the State Environmental Quality Review Act (ECL art 8). The Town of Amsterdam was designated the lead agency and a negative declaration was issued in March 1990. Petitioners were issued a building permit by the Town. Rather than proceeding with construction, petitioners placed the approved 47-lot development up for sale. On March 6, 1991, an attorney acting on behalf of a prospective purchaser contacted DOH. The attorney asked DOH to confirm the fact that the approvals for the construction of a water distribution system and a sewage disposal system, set forth in DOH’s September 11, 1989 letter, were indeed in place and further inquired if further approvals were needed. DOH responded to the inquiry on March 11, 1991. DOH confirmed that the project was approved and met the State Sanitary Code’s minimum requirements. DOH’s sanitary engineer went on in the letter noting the lack of final water quality tests and sustained yield pumping tests and the fact that a proposed realignment of the property line would severely restrict the possibility of altering or repairing the sewage disposal areas if needed in the future. DOH, following a telephone call from petitioner Donald King asking that DOH’s concern over the property line be withdrawn, commenced a detailed review of the project’s plans.
On March 27, 1991, DOH’s district director wrote to petitioners and listed six issues pertaining to the already approved sewage disposal system which he identified as posing "serious concerns” to DOH. The letter went on to state that DOH was "seriously considering withdrawal of our previous conditional approval” and asked petitioners to contact DOH to arrange a meeting. On April 8, 1991, a meeting was held between DOH, petitioners and petitioners’ attorney and engineer. On April 11, 1991, DOH notified petitioners in writing that the "previous conditional plan approval for this project is hereby withdrawn”. The letter went on to state that it was "certainly fortunate to have recognized these deficiencies before construction had taken place according to those plans” and invited petitioners to resubmit revised plans.
Petitioners assert that DOH’s revocation of its earlier approvals without a hearing was unlawful, arbitrary and capricious, an abuse of discretion and violated petitioners’ right of *975 due process. Petitioners seek judgment reinstating the DOH approvals pending the conduct of a hearing.
Issue has been joined. Respondent DOH denies the claim that it acted illegally or that the revocation of the project’s approvals was arbitrary and capricious or an abuse of discretion. DOH contends that its meeting with petitioners satisfied due process. DOH contends that its March 1991 review of the project’s plans was warranted and a proper exercise of its regulatory powers. DOH avers that it properly concluded that, had the sewage disposal system been built as originally designed, "the project’s sewage system would have been constructed with serious design flaws” and "would have likely resulted in a failure of the system and a public health hazard”.
The Court of Appeals in Matter of Sullivan County Harness Racing Assn. v Glasser (30 NY2d 269, 277) recognized the principle "that upon a change in circumstances * * * an agency may reconsider and alter a prior determination” (see also, Matter of Gonzalez v Jones, 115 AD2d 849; 2 NY Jur 2d, Administrative Law, § 159). DOH takes the position that the prospective purchaser’s inquiry, disclosing a boundary line change, justified a second review of the approved plans and a site inspection. DOH’s further review resulted in a reconsideration and ultimate withdrawal of its earlier approvals.
The record demonstrates that petitioners were promptly notified of DOH’s specific concerns and were afforded the opportunity to meet with DOH to discuss the concerns. Petitioners contend that they were entitled to a formal hearing, presumably of an adversarial nature, before DOH’s approvals could be withdrawn.
The regulations governing the approval of water systems and sewage disposal systems by DOH provide no right to a hearing (10 NYCRR 17.3). The court has found no precedent nor have petitioners come forward with any case law indicating that a formal, adversarial hearing is required in a case such as this.
"[D]ue process is a flexible constitutional concept calling for such procedural protections as a particular situation may demand” (LaRossa, Axenfeld & Mitchell v Abrams, 62 NY2d 583, 588; see also, Matter of Medicon Diagnostic Labs. v Perales, 74 NY2d 539, 546). "To succeed on a procedural due process argument, petitioners must show the deprivation of a protected interest by procedures which were insufficient under *976 the circumstances” (Matter of Schiavone Constr. Co. v Larocca, 117 AD2d 440, 443, lv denied 68 NY2d 610). The court must weigh the interests at stake, the risk of the erroneous deprivation of a party’s interest through the procedures used, the probable value of additional safeguards and the cost of substitute procedures in evaluating whether due process was satisfied in a particular case (Mathews v Eldridge, 424 US 319, 335). In a case involving the right of the State to deny the award of a highway construction contract to the low bidder, due process was satisfied where the bidder was given the opportunity to meet with State officials to discuss the situation before formal action was taken. A formal hearing was not required (Matter of Schiavone Constr. Co. v Larocca, supra).
The court concludes that DOH acted within its power to revoke its approvals and further finds that DOH was not required to conduct a formal hearing prior to acting. Petitioners were given notice of DOH’s concerns and an opportunity to be heard in an informal setting. Due process was satisfied. Respondent’s action in revoking the project’s approvals was not arbitrary and capricious.
The court has examined petitioners’ remaining argument that they were entitled to a hearing under the State Administrative Procedure Act and finds it to be without merit. DOH’s initial approvals of the sewage disposal system and water supply system are not the equivalent of an administrative process involving "licensing” or the issuance of a "license”. The State Administrative Procedure Act does not apply to this case.