*234
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 In this dispute involving the award of a public works contract to the "lowest responsible bidder”, petitioner-appellant LaCorte Electrical Construction and Maintenance, Inc. (LaCorte), the low bidder, seeks in effect to clear its business name and reputation from the implication that it was not a responsible bidder. The challenged determination of the Hudson Valley Community College (HVCC) Board of Trustees, subsequently approved by the Rensselaer County Legislature as required by Education Law § 6306 (7), implicitly rejected LaCorte as a responsible bidder under General Municipal Law § 103 by awarding the electrical contract to the second lowest bidder. The premise for the relief LaCorte seeks is that it was deprived of notice and an opportunity to present its views to the HVCC Board. We hold, under the circumstances and representations of respondent in this case, that LaCorte was denied meaningful and timely opportunity to defend its name and reputation, and we therefore reverse the order of the Appellate Division.
 

 On March 30, 1990, LaCorte, an electrical contractor in Rensselaer County, bid for the subcontract electrical work for the construction of the Edward F. McDonough Health, Physical Education and Recreation Complex to be built on the campus of respondent HVCC. LaCorte’s bid was $683,994— $67,732 lower than the next lowest bid submitted by respondent Schenectady Hardware and Electric (SH&E). In the course of evaluating the various bids, officials at HVCC confirmed with the State Department of Labor that in 1987 LaCorte had stipulated to willful violations of the Labor Law for failing to pay the prevailing wage on public projects in 1984-1985. HVCC also confirmed through an Assistant Attorney-General that LaCorte was accused under a 25-count criminal indictment involving extortion, larceny and other crimes stemming from conduct in demanding paybacks after making restitution for the violations of the Labor Law. HVCC was accurately informed that, in accordance with a plea bargain, LaCorte was expected to plead guilty on April 3, 1990 to one class E felony count in satisfaction of the indictment. LaCorte was not contacted to verify the data nor given an opportunity to explain or defend its reputation before HVCC, a procedural step that counsel for respondents forthrightly acknowledges would have been prudent and preferable.
 

 
 *235
 
 The HVCC Board of Trustees held a regularly scheduled meeting on April 2, 1990. The published agenda for that meeting included consideration of certain bids for the subject building complex. The agenda purposefully did not include the electrical work contract. Shortly after the meeting convened, however, the Board went into executive session to discuss financial, credit and employment histories of the bidding contractors. When the Board reconvened its regular session, it voted to amend the agenda to include a vote on the electrical work contract and, without explanation, awarded it to SH&E as the "lowest responsible bidder”. By implication and operation of law, LaCorte was thus deemed to be not a "responsible” bidder
 
 (see,
 
 General Municipal Law § 103 [1]). LaCorte was not present or aware of this development. The next day, LaCorte pleaded guilty to a single class E felony in satisfaction of the indictment. The HVCC Board’s contract with SH&E was approved by the Rensselaer County Legislature at its April 11, 1990 meeting
 
 (see,
 
 Education Law § 6306 [7]). Though the record reflects that letters were submitted to the Legislature concerning LaCorte’s reputation, there is no evidence that LaCorte had any official notice or opportunity to present its position to that body.
 

 LaCorte sued on various grounds to annul the implication of its nonresponsibility and to prohibit or void the award of the contract to SH&E. Its principal attack rests on the failure of HVCC to give it notice and an opportunity to defend its status as a responsible bidder prior to HVCC’s award of the electrical contract. Its subsidiary claims are that the implied determination of nonresponsibility is arbitrary and capricious, and that the Board’s actions violate the Open Meetings Law (Public Officers Law § 100
 
 et seq.).
 

 Supreme Court dismissed LaCorte’s CPLR article 78 petition and the Appellate Division affirmed, with two Justices dissenting (177 AD2d 786). This appeal as of right followed. The majority at the Appellate Division relied essentially on Education Law § 6306 (7), which requires the County Legislature’s approval for the award of the HVCC contracts. The Court reasoned (at 787) that before the Legislature approved HVCC’s award, LaCorte "had notice of the concern about its responsibility and the reason for that concern,” and that while "the nature of [LaCorte’s] opportunity to rebut the charges” prior to the Legislature’s vote was "not clearly established],” LaCorte’s due process rights were satisfied by the submission of
 
 *236
 
 letters on LaCorte’s behalf addressed to the Legislature attesting to its responsibility as an electrical contractor. The dissenting Justices contended that, while the County Legislature’s approval of the contract award is required under Education Law § 6306 (7), the HVCC Board of Trustees is the entity that undertakes to make the decision and, therefore, LaCorte’s due process rights were violated by the HVCC Board’s conceded failure to provide LaCorte with any notice and opportunity to present views prior to the Board’s consideration of the pertinent bids and its award of the contract. The dissent added that there is no record evidence, in any event, that LaCorte received any notice or opportunity to be heard prior to the County Legislature’s consideration of the matter.
 

 This case raises competing concerns regarding the manner in which a government entity deals with prospective contractors. General Municipal Law § 103 (1) required that "all contracts for public work involving an expenditure of more than [$7,000] * * * shall be awarded by the appropriate officer, board or agency of a political subdivision * * * to the
 
 lowest responsible bidder
 
 furnishing the required security after advertisement for sealed bids” (emphasis added). While the protected "liberty” interest in this context has not been precisely defined, it has been given flexible meaning and has been held to include the right to contract
 
 (see, Board of Regents v Roth,
 
 408 US 564, 571-572, quoting
 
 Meyer v Nebraska,
 
 262 US 390, 399). Respondents, for purposes of this case, virtually concede that LaCorte has some protected interest, but urge that it was adequately safeguarded.
 

 When a low bidder such as LaCorte has its bid rejected with the inevitable implication of nonresponsibility, its commercial " 'good name, reputation, honor, or integrity is at stake’ ”
 
 (see, Board of Regents v Roth, supra,
 
 at 573, quoting
 
 Wisconsin v Constantineau,
 
 400 US 433, 437;
 
 see also, Paul v Davis,
 
 424 US 693, 701,
 
 reh denied
 
 425 US 985;
 
 Old Dominion Dairy Prods, v Secretary of Defense,
 
 631 F2d 953, 963 [DC Cir]). While safeguards of reasonable notice and timely opportunity to be heard become operative in such circumstances, the public fisc and process must also be weighed in light of the additional expense of a more costly contract flowing from the rejection of the lowest bid. In considering required and appropriate remedies for failure to afford necessary protections, courts are not blind to the need that governmental entities be able to conduct business in an efficient and effective manner and to "the potentially crippling effect that might result from
 
 *237
 
 the imposition of stringent due process requirements with respect to all [Government] actions adverse to unsuccessful bidders on Government contracts”
 
 (see, Old Dominion Dairy Prods, v Secretary of Defense,
 
 631 F2d 953, 968,
 
 supra).
 

 In awarding the contract as it did here and effecting the determination of LaCorte’s nonresponsibility, HVCC withheld notice and timely opportunity from LaCorte so it could not provide its input concerning its responsibility as a contractor
 
 (see, Matter of Schiavone Constr. Co. v Larocca,
 
 117 AD2d 440, 444,
 
 Iv denied
 
 68 NY2d 610). Instead, the electrical work contract was not included on the published HVCC agenda and was only added to the agenda after an executive session, and then quickly resolved before the adversely affected party could know or address its impact. Inasmuch as it is undisputed that LaCorte received absolutely no notice and no timely opportunity to address the Board’s concerns prior to its implied determination of nonresponsibility, we conclude that the losing bidder is entitled to appropriate relief shaped by the circumstances of this case.
 

 Moreover, in these circumstances, the deficiency cannot be excused by resorting to the requirement that the County Legislature "approve” the HVCC award of the contract to the second lowest bidder
 
 (see,
 
 Education Law § 6306 [7]). In this respect, we agree with the dissenting Justices at the Appellate Division that "the decision-making process is undertaken by HVCC’s Board of Trustees” (177 AD2d 786, 787,
 
 supra),
 
 and therefore LaCorte’s conceded rights were triggered and inextricably implicated at that key stage, i.e., the Board’s consideration of the bids and determination of the contract awards.
 

 Despite the reference to letters submitted to the Legislature, there is no proof, in any event, on this record that LaCorte ever received notice or an adequate opportunity to present views even prior to the County Legislature’s action. The opportunity to be heard should be afforded "
 
 'at a meaningful time and in a meaningful manner’
 
 ”
 
 (Mathews v Eldridge,
 
 424 US 319, 333 [emphasis added], quoting
 
 Armstrong v Manzo,
 
 380 US 545, 552). Thus, the circumstance that LaCorte, after the Board’s vote, may have known that its responsibility as a bidder was at risk and that letters addressed to the Legislature were submitted on LaCorte’s behalf attesting to its responsibility as an electrical contractor does not cure the defect.
 

 Petitioner’s criminal indictment or stipulation to willful
 
 *238
 
 violations of the Labor Law may have provided a rational basis for a determination that petitioner is not a responsible bidder
 
 (see, Abco Bus Co. v Macchiarola,
 
 52 NY2d 938,
 
 revg on App Div dissent
 
 75 AD2d 831, 833,
 
 rearg denied
 
 53 NY2d 797;
 
 Matter of Konski Engrs. v Levitt,
 
 49 NY2d 850,
 
 affg on App Div
 
 69 AD2d 940, 942,
 
 cert denied
 
 449 US 840;
 
 Matter of Schiavone Constr. Co. v Larocca, 117
 
 AD2d 440, 444,
 
 lv denied
 
 68 NY2d 610,
 
 supra).
 
 While we may not make that determination in the first instance or at this stage of the proceeding, we see no need or basis at this time and at this juncture to vacate the award of the electrical contract. On the remand, the Board should reexamine only its implicit determination of LaCorte’s nonresponsibility, on appropriate notice and opportunity to LaCorte.
 

 We have considered LaCorte’s other contentions and conclude that they are without merit in the context of this case.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court to grant the petition only to the extent of remanding to the HVCC Board of Trustees for such further proceedings as may be sought, consistently with this opinion.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone and Hancock, Jr., concur; Judge Smith taking no part.
 

 Order reversed, with costs, and matter remitted to Supreme Court, Rensselaer County, for further proceedings in accordance with the opinion herein.