■ In the Matter of HORIZON ROOFING & SHEETMETAL, INC., Appellant, v CITY OF GLENS FALLS et al., Respondents. [613 NYS2d 464] —Casey, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered December 14, 1993 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Glens Falls finding that respondent William P. Brown, Inc. was the lowest responsible bidder on a municipal project.

In response to a request for bids to perform roofing work on the Glens Falls Civic Center in the City of Glens Falls, Warren County, petitioner submitted the lowest bid. When the contract was awarded to the second lowest bidder, petitioner commenced this CPLR article 78 proceeding to annul the award and to compel the award of the contract to petitioner. The petition also sought a preliminary injunction to prohibit respondent William P. Brown, Inc. from performing any work under the contract. Respondent City of Glens Falls submitted an affidavit from its architect, who alleged that he had recommended the contract not be awarded to petitioner because his investigation had led him to conclude that petitioner was not the lowest responsible bidder. Supreme Court concluded that the City did not abuse its discretion in awarding the contract to the second lowest bidder and denied petitioner's application in its entirety, resulting in this appeal by petitioner.

Respondents contend that the appeal should be dismissed because no appeal lies from an interim order in a CPLR article 78 proceeding (see, CPLR 5701 [b] [1]), but it is clear that Supreme Court disposed of the entire proceeding on the merits, not just petitioner's request for a preliminary injunction. We also reject petitioner's procedural argument. Although respondents failed to submit an answer, they did submit affidavits in opposition to the petition and petitioner failed to object at Supreme Court, thereby waiving its objection to the defect.

The Court of Appeals recently held that "[w]hen a low bidder * * * has its bid rejected with the inevitable implication of nonresponsibility * * * safeguards of reasonable notice

and timely opportunity to be heard become operative" *(Matter of La Corte Elec. Constr. & Maintenance v County of Rensselaer,* 80 NY2d 232, 236). The procedural safeguards are required because the low bidder's commercial good name, reputation, honor or integrity is at stake *(supra)*. The petition alleges that petitioner was not given a timely opportunity to be heard and respondents do not deny the allegation. The appropriate remedy is to reverse Supreme Court's judgment and grant the petition to the extent of remitting the matter to the City to reexamine its implicit determination of petitioner's nonresponsibility, with appropriate notice and opportunity to petitioner *(see, supra,* at 238).

Cardona, P. J., Mikoll, Mercure and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted to the extent of remitting the matter to respondent City of Glens Falls for further proceedings in accordance with the Court's opinion in *Matter of La Corte Elec. Constr. & Maintenance v County of Rensselaer* (80 NY2d 232).