Feters, J.
Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered June 14, 2002 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CFLR article 78, to review a determination of the Dormitory Authority of the State of New York finding that petitioner was a nonresponsible bidder.
Fetitioner, a construction business, is owned by Frank Di Tommaso and Feter Di Tommaso who are also principals in many other related businesses. In July 2001, the Dormitory Authority of the State of New York (hereinafter Authority) solicited bids for construction work at the Bronx Criminal Courthouse. After the first three low bids were withdrawn, petitioner was informed, by letter dated November 5, 2001, that although it was the next lowest bidder, the Authority “preliminarily deeme[d] [it] to be not responsible” due to unresolved issues raised by the New Jersey Casino Control Commission, the New York City Trade Waste Commission, the New York City *752 School Construction Authority, the New York City Department of Investigation and the New York City Comptroller. By letter from the Authority dated November 14, 2001, petitioner’s request for a hearing was denied and it was given five days to present further information to support its application and refute the preliminary findings. After reviewing petitioner’s additional submission, the Authority, by decision dated November 30, 2001, adopted its preliminary findings. The Authority gave significant consideration to the letters it received from the New York City Department of Investigation and Office of the Comptroller. Moreover, it noted the still ongoing investigation by the New Jersey Casino Control Commission which left significant relevant issues unresolved despite 13 days of testimony. Pinpointing several major concerns and annexing all supporting documentation, the Authority concluded: “[W]hen taken together, [these facts] demonstrate a lack of sensitivity in dealing with Organized Crime members and associates. Lack of sensitivity relates to the issue of integrity. [Petitioner] and its principals repeatedly place themselves in situations that give at the very least an appearance that they are unconcerned with whom they employ or conduct business. Finally, [petitioner] has engaged in transactions with no apparent purposes with individuals connected with Organized Crime.” Petitioner commenced this proceeding seeking, among other things, to annul the Authority’s determination. Supreme Court dismissed the petition and this appeal ensued.
In matters of this kind, our review is limited to assessing whether there is a rational basis to support the determination rendered, with the evidentiary burden resting upon the petitioner (see Matter of Franbilt, Inc. v New York State Thruway Auth., 282 AD2d 963, 964-965 [2001], lv denied 97 AD2d 602 [2001]; Matter of Adelaide Envtl. Health Assoc. v New York State Off. of Gen. Servs., 248 AD2d 861, 862 [1998]; Matter of Schiavone Constr. Co. v Larocca, 117 AD2d 440, 444 [1986], lv denied 68 NY2d 610 [1986]). Although petitioner explained its involvement with individuals identified by various investigative authorities as organized crime figures, unresolved investigations by other agencies can serve as a rational basis for a nonresponsibility determination (see Matter of N.J.D. Elecs. v New York City Health & Hosps. Corp., 205 AD2d 323, 324 [1994]; Matter of Positive Transp. v City of N.Y. Dept. of Transp., 183 AD2d 660, 661 [1992]; Matter of Schiavone Constr. Co. v Larocca, supra at 444; Matter of Konski Engrs. v Levitt, 69 AD2d 940, 942 [1979], affd 49 NY2d 850 [1980], cert denied 449 US 840 [1980]). Upon our review of the extensive record evidence, we reject petitioner’s contention that the findings are *753 merely “an impression of guilt by association” (Matter of DeMatteis Constr. Corp. v Dinkins, 190 AD2d 621, 621 [1993], lv denied 81 NY2d 711 [1993]).
Nor do we find violations of procedural due process. State Administrative Procedure Act article 3 indicates its applicability “solely to adjudicatory proceedings required by law to be made on the record” (Matter of Mary M. v Clark, 100 AD2d 41, 43 [1984]; see State Administrative Procedure Act § 102 [3]). As the instant proceeding does not fall within these parameters, petitioner has no viable due process claim thereunder. Moreover, a “ ‘formal trial-type hearing’ is not necessary [where, as here,] the bidder receive [d] notice of the reason for the rejection and an opportunity to refute the findings upon which it is based” (Matter of Granger & Sons v State of N.Y. Facilities Dev. Corp., 207 AD2d 596, 597 [1994]; see Matter of Tully Constr. Co. v Hevesi, 214 AD2d 465, 466 [1995]; Matter of Schiavone Constr. Co. v Larocca, supra at 443). For these reasons, including the availability of this proceeding at the conclusion of the administrative process, “petitioner was afforded all the process that it is due” (Matter of Granger & Sons v State of N.Y. Facilities Dev. Corp., supra at 597; see John Gil Constr. v Riverso, 72 F Supp 2d 242, 255 [1999]; Matter of Tully Constr. Co. v Hevesi, supra at 466). Having considered and rejected petitioner’s remaining contentions as without merit, we affirm.
Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.