■ In the Matter of STEPHEN CLEARMAN, Appellant, v LAWRENCE J. ANDREWS, JR., et al., Respondents. [824 NYS2d 473]—

Cardona, P.J. Appeal from a judgment of the Supreme Court

(Hummel, J.), entered September 9, 2005 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to enjoin respondents from performing certain work on Johnson Road in the Town of Ghent.

Petitioner owns real property in the Town of Ghent, Columbia County that is divided by Johnson Road, an approximately three eighths of a mile town road that is open for public use. In August 2005, respondent Michael Losa, the Town Highway Superintendent, instructed the Town Highway Department to begin the application of "oil and stone" to Johnson Road, a process whereby a layer of an oily material and fine gravel would be pressed onto the existing gravel to secure the surface.* According to Losa, the application was necessary as a maintenance procedure due to the fact that, although gravel had been repeatedly placed on the road, heavy rains and traffic washed out or scattered the gravel. Prior to the implementation of this plan, petitioner commenced this CPLR article 78 proceeding seeking to prohibit or enjoin the Town from applying oil and stone onto Johnson Road. Among other things, petitioner claimed that respondents' proposed action was not, as asserted by respondents, "maintenance," but, instead, a major "paving" project which required review under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]). Supreme Court dismissed the proceeding, prompting this appeal.

Contrary to petitioner's argument, Supreme Court did not err in failing to order a hearing pursuant to CPLR 7804 (h). Notably, where, as here, the CPLR article 78 proceeding is in the nature of prohibition (see CPLR 7803 [2]), a hearing is generally not required since "prohibition usually deals with straightforward questions of law concerning [an] officer's jurisdiction" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:9, at 664). In that regard, we note that petitioner did not submit any satisfactory proof, expert or otherwise, to substantiate his claim that the proposed action by the Highway Department was outside its authority because it constituted "paving," which would require SEQRA review, as opposed to "maintenance," which would not (see 6 NYCRR 617.5 [c]; see generally Matter of Law Bros. Contr. Corp. v O'Shea, 79 AD2d 1075 [1981]). Furthermore, while petitioner made numerous arguments that the proposed project would

---

* In contrast, Losa averred that, "[t]o actually 'pave' the road would require the removal of all existing material making up the road surface, grading of the road surface, preparation and application of a new road sub-base to support the paving, a base coat of paving material would be applied by special equipment, then a top coat of binder material would be applied."

cause harm to the environment and/or his property, he offered only speculation to support those claims (*see generally Matter of Byer v Town of Poestenkill*, 232 AD2d 851, 853 [1996]). Therefore, given petitioner's failure to establish the presence of a legitimate factual dispute, Supreme Court did not err by dismissing the petition without a hearing.

We have examined petitioner's remaining contentions and find them to be similarly unavailing. Inasmuch as petitioner did not set forth adequate proof raising a factual issue as to whether the proposed application of oil and gravel to Johnson Road was anything other than routine road maintenance, his related claim that Losa exceeded his authority by expending funds for that project without prior authorization pursuant to Highway Law § 284 is not persuasive. That statutory provision does not require a written agreement between the Town Board and Superintendent to expend funds from an annually negotiated highway budget for maintenance projects as herein (*see generally* 1978 Ops St Comp No. 78-960, at 189).

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.